UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WALTER ALLEN DUBOSE** | **CIVIL ACTION NO. 25-0609** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **NIKKI CHENEVERT, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Walter Allen DuBose, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, on April 26, 2025. [doc. # 1, p. 7]. Petitioner attacks his failure to register and aggravated battery convictions, as well as his "13-15" year sentences imposed by the Fourth Judicial District Court, Parish of Ouachita.[1] [doc. # 5, p. 1]. For reasons below, the Court should dismiss this petition as untimely.

## Background

On January 9, 2023, a jury convicted Petitioner of two counts of failing to register as a sex offender and two counts of aggravated battery. [doc. # 5, pp. 1-2]. The trial court sentenced him the same day. *Id.* at 1. Petitioner did not appeal his convictions or sentences. [doc. # 10].

On October 27, 2023, Petitioner filed an application for post-conviction relief in the trial court. [doc. # 10-1]. The trial court denied the application on December 6, 2023. [doc. #s 5, p. 2; 5-1, p. 10]. Petitioner did not appeal or otherwise seek further post-conviction relief before the state courts. [doc. # 11].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner filed the instant habeas corpus petition at the earliest on April 26, 2025. [doc. # 1, p. 7]. The Court received the petition on May 1, 2025. [doc. # 1-3].

In the instant petition, Petitioner appears to first maintain that when he pled guilty to sexual battery in 1987, his plea bargain did not include a stipulation or requirement that he had to register as a sex offender. [doc. # 5, p. 15]. He claims that the general requirement to register was not enacted until five years after he was convicted and that, consequently, his later conviction for failing to register as a sex offender is invalid. *Id.* Next, he claims that the State should have only charged him with one count of aggravated battery because there was only one victim. *Id.*

## Law and Analysis

Title 28, United States Code § 2244(d)(1), provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively

applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.

As to subsection "B," Petitioner does not argue that he was impeded from filing this Petition.[2]

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

As above, Petitioner did not file a direct appeal after the trial court sentenced him. [doc. # 10]. When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken." As Petitioner did not pursue a direct appeal, his conviction became final on February 8, 2023, thirty days after the trial court sentenced him on January 9, 2023.[3]

---

[2] *See Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

[3] Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes

Because Petitioner's conviction became final on February 8, 2023, he had one year, or until February 8, 2024, to file a federal habeas corpus petition. Petitioner did not file the instant petition until, at the earliest, April 26, 2025. [doc. # 1, p. 7]. Thus, Petitioner's claims are barred by the one-year limitation period unless he extended the February 8, 2024 deadline through statutory or equitable tolling.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2), provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Petitioner filed an application for post-conviction relief in the trial court on October 27, 2023. [doc. # 10-1]. From when his conviction became final on February 8, 2023, to when he filed for post-conviction relief in state court on October 27, 2023, 261 days elapsed. Petitioner therefore had 104 days (365-261) remaining in which to file a federal habeas corpus petition once tolling ended.

The trial court denied the post-conviction relief application at the latest on December 6, 2023. [doc. #s 5, p. 2; 5-1, p. 10]. An application remains pending "during the time authorized to file a timely application for further review by the next level of the state court." *Christmas v.*

---

final when the time for seeking further direct review in the state court expires." *Id.* Here, therefore, Petitioner is not afforded an additional ninety days.

*Hooper*, 118 F.4th 724, 732 (5th Cir. 2024); *Peters v. Hooper*, 2022 WL 2070397, at *2 (5th Cir. June 8, 2022) ("A properly filed state application is considered 'pending' while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration."). As above, under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken." Likewise, under LA. UNIF. R. CT. APP. 4-3, a petitioner has thirty days to request review of the trial court's determination.

Petitioner did not appeal or otherwise seek further post-conviction relief before the state courts. [doc. # 11]. His application for post-conviction relief therefore remained "pending" until January 5, 2024, when his time to appeal the trial court's denial of his application expired (i.e., thirty days after the trial court denied his application on December 6, 2023). Thus, tolling ended on January 5, 2024. As above, Petitioner had 104 days remaining during which to file a federal habeas corpus petition once tolling ended. Thus, he had until April 18, 2024. Petitioner, however, did not file the instant petition, at the earliest, until April 26, 2025. Accordingly, this petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute

of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation, and nothing of record supports equitable tolling.[4] Petitioner does not explain how he diligently pursued his rights, and he does not present any extraordinary circumstances that stood in his way and prevented timely filing. *See Hardaway v. Davis*, 684 F. App'x 444, 446 (5th Cir. 2017) ("To receive the benefit of equitable tolling, the petitioner bears the burden . . . .").

Petitioner does suggest that, instead of filing this habeas petition, he first filed a civil lawsuit in this Court, *Walter Allen DuBose v. Paul Campbell*, 3:24-cv-0120 (W.D. La. 2024). However, his civil suit did not toll the statute of limitations. *See Myers v. Cain*, 55 F. App'x 716 (5th Cir. 2002) (finding that a civil suit which "was related conceptually to [the petitioner's] efforts to obtain post-conviction relief" did not toll the period of limitations).

Accordingly, this petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

## III. **Actual Innocence**

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary

---

[4] The form on which Petitioner filed instructed him thusly: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." [doc. # 5, p. 13]. Petitioner did not respond.

case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner does not claim that he is innocent, and he does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of

7

actual innocence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's petition is barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Walter Allen DuBose's Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondents to answer. <u>Petitioner may raise any arguments against dismissal during the fourteen-day objection period described below.</u>**[5]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

---

[5] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 16th day of July, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge